No. 169

BELDEN v. STATE

Ohio Appeals, 6th Dist., Ottawa Co.

No. 98.    Decided Feb. 8, 1927

678. JUDICIAL NOTICE—Within the rule that courts may take judicial notice of geographical divisions, Put-in-Bay Island is located in the County of Ottawa, State of Ohio.

480. EVIDENCE—Physician's testimony of prosecuting witness' mentality in rape case, is competent to assist the jury in enabling it to determine the kind of an assault made by accused.

First Publication of this Opinion

RICHARDS, J.

Leland Belden was charged with rape, and assault with intent to commit rape upon a girl seventeen years of age, who is shown by the evidence to be feeble-minded. A jury in the Ottawa Common Pleas returned a vedict of not guilty on the first count and guilty on the second count; and sentence has been passed accordingly.

On error proceedings, it was claimed that there is no evidence showing the alleged crime to have been committed in Ottawa County; that the court erred in the admission of the testimony of Dr. Louis Miller as to the mental condition of the prosecuting witness; and that the verdict is manifestly against the weight of the evidence. The Court of Appeals held:

1. The evidence shows that the transaction occurred on Put-in-Bay Island. Courts may take judicial notice of geographical division, particularly those existing within the jurisdiction of the court.

2. Within this rule, we hold that the Court may take judicial notice that Put-in-Bay is located within the County of Ottawa, State of Ohio.

3. Dr. Miller, after being duly qualified was permitted to give his opinion that the prosecuting witness was feeble-minded; that her mental capacity is that of a child about six years old, and her reasoning power is very much diminished. He also testified that her judgment and knowledge are infantile in character but on the emotional side she seems more normal and seems to have normal instincts and can distinguish right from wrong in a general way.

4. The prosecuting witness' mental and physical condition was competent to assist in enabling the jury to determine the kind of an assault made by the accused and the force used or necessary to be used in the attempt to accomplish his purpose.

5. The verdict is not manifestly against the weight of the evidence; and the evidence warrants the conclusion reached by the jury.

Judgment affirmed.

(Culbert & Williams, JJ., concur.)

Attorneys—Stahl & Price, Toledo, for Belden; W. C. Wireman and Don Bell, Port Clinton, for State.

No. 170
STATE ex HAMILTON (City) v. LONG, Aud.
Ohio Appeals, 1st Dist., Butler Co.
No. 356.    Decided Nov. 26, 1926

183. BUDGET COMMISSION—1. Section 5649-5e GC., providing for additional levy, and further providing that the clerk transmit to the Budget Commission a certified copy of the resolution, is directory.

2. Failure of the clerk to deliver such copy does not deprive the city council of having said resolution considered by the Commission, as the failure of a ministerial officer to perform a duty will not defeat a right given by law.

PER CURIAM.

The action in the Butler Common Pleas was brought by the State on the relation of the City of Hamilton, seeking a mandamus to require the Budget Commission of Butler County to levy for the general purposes of the city, an additional levy for current expenses under 5649-5e GC. The trial court refused the writ and error was prosecuted.

On July 21st, the city council passed a resolution asking for the additional levy and the resolution was approved on July 22nd. Said resolution directed the clerk to transmit a certified copy thereof to the Commission; but the clerk failed to deliver a copy until September 16th. The statute requires certification to be made on or before the first Monday in August. The Commission did not meet and complete its work on or before the third Monday in August as required by the Code.

It is contended that by failure to transmit the certified copy of the resolution as required, the city lost its rights to the consideration of the extra levy by the Budget Commission. The trial court found this to be the law and further that the city lost its rights because of unreasonable delay. The Court of Appeals held:

1. Council had done all they could do under the statute to get the question of additional levy before the Commission. It had passed the resolution in time, and provided that the clerk should transmit the same according to law.

2. The clerks duty was ministerial; and it has been frequently held that the failure of a ministerial officer to perform a duty will not defeat a right given by law.

3. The Commission contends that the word "shall" is especially emphasized and should be strictly construed. Courts have held the duty of the clerk to transmit in cases of perfected appeal under the Code, to be directory, and his failure to perform such duties will not defeat the appeal.

4. The principal here is the same. The statute in question is directory. State ex v. Edmonson, 89 OS. 93; State ex v. Ruse, 90 OS. 345.

5. The record shows the Commission had the certified copy in its hands prior to the completion of its work. The suit in mandamus was brought within a few days after the Commission had rejected consideration of the resolution. There seems to be no unreasonable delay on part of the city.

Judgment reversed and cause remanded with instructions to grant writ of mandamus.

(Buchwalter, PJ., and Hamilton & Cushing, JJ., concur.)

Attorneys—Harry J. Koehler, Jr., and L. J. Ziliox for State ex; P. P. Boli for Long; all of Hamilton.